IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| SIGNATURE SYSTEMS, LLC.., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No._____ |
| ) | |
| AMERICAN EXPRESS COMPANY, and ) | |
| AMERICAN EXPRESS TRAVEL RELATED ) | |
| SERVICES COMPANY, INC. ) | |
| ) | JURY TRIAL DEMANDED |
| Defendants. ) | |
| ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Signature Systems, LLC ("Signature"), for its Complaint against Defendants American Express Company and American Express Travel Related Services Company, Inc., alleges as follows:

## THE PARTIES

1. Plaintiff Signature is a Delaware Limited Liability Corporation with its principal place of business at 5244 North Bay Road, Miami Beach, Florida 33140.

2. Upon information and belief, American Express Company ("Amex") is a New York corporation with its principal place of business in New York, New York.

3. Upon information and belief, American Express Travel Related Services Company, Inc. ("Amex Travel") is a New York corporation with its principal place of business in New York, New York.

4. Upon information and belief, Amex Travel is a privately held subsidiary of Amex.

SGR/12682121.1

5. Upon information and belief, Amex has an office at 777 American Express Way, Ft. Lauderdale, Florida 33337. Amex's registered agent in Florida is CT Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324.

## JURISDICTION AND VENUE

6. This action arises under the patent laws of the United States, 35 U.S.C. § 1, et seq., including § 271. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has personal jurisdiction over Defendants because, among other things, Defendants have done business in this District, and have committed and continue to commit acts of patent infringement in this District.

8. Venue is proper in this District under 28 U.S.C. §§ 1391(b)-(d) and 1400(b) because, among other things, Defendants are subject to personal jurisdiction in this District, and have committed and continue to commit acts of patent infringement in this District.

## FACTUAL BACKGROUND

9. Signature is a pioneer in the loyalty rewards industry. Since the 1990's, Signature has developed and patented systems and methods directed to various aspects of loyalty rewards, including, for example, reward points exchange, reward points redemption, systems for product liquidation through reward programs, and integrated networks for trading reward points for commercial products in an open marketplace.

10. Over years of research and development, Signature has created a patent portfolio comprising more than fifty (50) issued patents directed to subject matter relating to loyalty rewards and rewards system architectures.

11. On information and belief, Defendants are, and have been generally aware of, Signature's patent portfolio, through in-person meetings between Amex's high level corporate

representatives, including Amex's Chief IP Strategist, and key Signature representatives, including Signature's patent counsel Anthony Barkume and Signature's chief executive officer and primary inventor, Richard Postrel.

12. Signature is a practicing entity. As recently as October of 2014, Amex expressed interest in Signature's ability to build a reward's related platform by sending Signature a "Request for Proposal." Over the years, Signature has invested millions of dollars building computer implemented systems of the type described in several of Signature's patents.

## COUNT I – INFRINGEMENT OF THE '402 PATENT

13. Signature is the sole owner of all rights, title and interest in and to United States Patent No. 8,423,402 ("the '402 patent"), entitled "Method and System for Electronic Exchange of Reward Points," issued to Richard Postrel on April 16, 2013. A copy of the '402 patent is attached hereto as Exhibit 1.

14. The '402 patent, which traces its priority to provisional application no. 60/140,603, filed June 23, 1999, was classified in U.S. Class 705, "Data Processing: Financial, Business Practice, Management, or Cost/Price Determination."

15. Following the Federal Circuit's decision in *State Street Bank & Trust Co. v. Signature Financial Group, Inc.,* 149 F.3d 1368 (Fed. Cir. 1998), the United States Patent and Trademark Office ("PTO") took several initiatives to improve the quality of examination of patent applications classified in Class 705.

16. These initiatives included ensuring that applications were examined by specially trained examiners, who were trained in business and computer sciences. Extra levels of review were included that exceeded the norms of examination for inventions classified in other fields of art.

17. Even prior to *State Street Bank*, section 2106 of the MPEP recognized that computer implemented inventions were patentable subject matter under 35 U.S.C. § 101, so long as the invention did more than describe an "abstract idea."

18. The chain of co-pending patent applications which led to the issuance of the '402 patent were prosecuted by an examining corps that was fully apprised of the prohibition against patenting abstract ideas.

19. The '402 patent was thoroughly examined for all statutory grounds of patentability, including patentable subject matter (35 U.S.C. § 101), novelty (35 U.S.C. 102), non-obviousness (35 U.S.C. § 103), enablement, best mode, and written description (35 U.S.C. § 112).

20. The claims of the '402 patent are not directed to an "abstract idea."

21. Pursuant to 35 U.S.C. § 282(a), the '402 patent is presumed valid, and every claim of the '402 patent is presumed valid independent of each other claim.

22. Since the filing of the '402 patent's earliest priority application, to the present time, neither the statutory framework for patentable subject matter (35 U.S.C. § 101), nor the presumption of validity (35 U.S.C. § 282(a)) have been amended by Congress.

23. Signature is the owner of the '402 patent by assignment.

24. Upon information and belief, AMEX has directly infringed and continues to directly infringe one or more claims of the '402 patent by making and/or using systems and/or methods covered by one or more claims of the '402 patent, through, but not limited to, AMEX's Membership Rewards website.

25. Upon information and belief, at least claim 5 of the '402 patent is directly infringed by AMEX by providing a reward server computer that includes each and every element called out in claim 5.

26.	Upon information and belief, AMEX contributes to the direct infringement of the '402 patent by AMEX's customers, users, and business partners in violation of 35 U.S.C. § 271(c).  For example, AMEX implements system components and method steps for exchanging and/or transferring Membership Rewards points into reward points issued by AMEX's business partners.

27.	The system components and method steps implemented by AMEX are a material part of the patented system and methods covered by one or more claims of the '402 patent, and are not a staple article or commodity of commerce suitable for substantial non-infringing use.

## PRAYER FOR RELIEF

WHEREFORE, Signature prays for the following relief:

a.	a judgment declaring that AMEX infringes the '402 patent;

b.	that this Court permanently enjoin Defendants and their officers, directors, agents, servants, affiliates, divisions, branches, subsidiaries, parents, licensees, successors, and assigns, and all persons acting in concert or privity with any of them, from infringement of the '402 patent;

c.	an award of damages, costs, expenses, pre-judgment interest, and post-judgment interest as to infringement of the '402 patent;

d.	an order accounting for damages incurred by Signature; and

e.	such other relief to which it may be entitled in law or equity and which this Court deems to be just or proper.

**JURY DEMAND**

Signature hereby demands a trial by jury.

Dated:  January 9, 2015                    Respectfully submitted,

*/s/ Steven E. Brust*
Steven Brust
Florida Bar No. 830291
Smith, Gambrell & Russell, LLP
Bank of America Tower
50 N. Laura St., Suite 2600
Jacksonville, Florida 32202
Tel: 904-598-6100
Fax: 904-598-6300
Email: sbrust@sgrlaw.com

Edward A. Pennington (pro hac pending)
Smith, Gambrell & Russell, LLP
1055 Thomas Jefferson St. NW
Suite 400
Washington, D.C. 20007
Tel: 202-263-4300
Fax: 202-263-4329
Email: epennington@sgrlaw.com

*Attorneys for Plaintiff*
*Signature Systems, LLC*

SGR/12682121.1