United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Signature Systems, LLC, Plaintiff ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 15-20063-Civ-Scola |
| American Express Company, and ) | |
| American Express Travel Related ) | |
| Services Company, Inc., Defendants ) | |

### Order Granting Leave to Amend

Plaintiff Signature Systems, LLC initiated this case in January 2015. A month after the Defendant American Express entities ("Amex") filed a motion to dismiss Signature's second amended complaint, the parties filed a joint motion to stay the case. The Court granted the motion and stayed this case while Amex's validity challenge before the Patent Trial and Appeal Board and Signature's ex parte patent reexamination before the United States Patent & Trademark Office were both pending. Those proceedings have since been resolved and the Court has reactivated this case at Signature's request and over Amex's objections.

Signature now seeks to file a third amended complaint because, it says, the patent claims have been amended based on the USPTO's reexamination of the patent at issue. Amex objects, primarily because it says Signature's proposed amended complaint effectively amounts to the improper creation of an entirely new case. Amex also claims the amendment would subject it to undue prejudice and that, in any event, the amendment is futile. The Court disagrees with Amex and finds leave to amend warranted in this case and therefore **grants** Signature's motion (**ECF No. 41**).

In accordance with Federal Rule of Civil Procedure 15(a)(2), a party seeking to amend its complaint may do so only with the opposing party's written consent or the court's leave. According to the rule, leave should be freely given when justice so requires. Rule 15(a) reflects a policy of "liberally permitting amendments" and absent a "substantial reason to deny leave to amend" a plaintiff's request should be granted. *Espey v. Wainwright,* 734 F.2d 748, 750 (11th Cir. 1984). "Although leave to amend shall be freely given when justice so requires, a motion to amend may be denied on numerous grounds such as undue delay, undue prejudice to the defendants, and futility of the amendment." *Maynard v. Bd. of Regents of Div. of Universities of Florida Dep't of Educ. ex rel. Univ. of S. Florida,* 342 F.3d 1281, 1287 (11th Cir. 2003) (quotations omitted). "[L]eave to amend should not be denied on the ground

of futility unless the proposed amendment is clearly insufficient or frivolous on its face." *Montes v. M & M Mgmt. Co.*, No. 15-80142-CIV, 2015 WL 11254703, at *1 (S.D. Fla. May 12, 2015) (Marra, J.) (citing *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir.1980)). In order to deny leave to amend, the Court must identify a "justifying reason." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

To begin with, Amex submits Signature's proposed amendment will prejudice Amex because it "may hinder Amex's ability to petition the Patent Trial and Appeal Board for *inter partes* review of the [] patent." (Defs.' Resp., ECF No. 42.) Without anything more, this conjecture alone is insufficient to establish either undue prejudice or, based on the timeline presented by Amex, undue delay in Signature's seeking leave to amend.

The Court is also not persuaded by Amex's argument that Signature should not be allowed to amend because the proposed "amended" complaint is essentially an entirely new complaint, with little or no relation to any of Signature's prior complaints in this case. To the contrary, Signature's second amended complaint alleges Amex infringed its patent—U.S. Patent No. 8,423,402 (the "'402 patent"); Signature's proposed third amended complaint alleges infringement of the same '402 patent, albeit as it has been amended. Notably, many of the factual allegations from the second to the third amended complaint are identical. Even Amex itself has contended, albeit in another context in these proceedings, that, ultimately, Signature's patent-claim "amendments would not alter the Court's analysis of Amex's arguments." (Jt. Mot. to Stay, ECF No. 27, 3.) Amex has thus not convinced the Court that Signature's amended complaint will "effectively start a new case." (Defs.' Resp. at 2.)

Lastly, Amex contends Signature's proposed amended complaint is futile. In support of its assertion, Amex says it "does not infringe any valid and enforceable claim of the amended '402 patent." (*Id.* at 3.) However, Amex has not presented enough to convince the Court that Signature's claims, as amended, would necessarily be subject to dismissal. In other words, the Court is not persuaded that Amex has carried its burden in establishing that denying Signature's motion for leave to amend would be justified as futile.

For the foregoing reasons, the Court **grants** Signature's motion to file its third amended complaint, attached to its motion (**ECF No. 41**). Consistent with Local Rule 15.1, Signature must separately refile its third amended complaint by **April 13, 2018**. Amex must thereafter respond to the complaint on or before **April 24, 2018**. Based on the filing of the amended complaint, the Court **denies as moot** Amex's motion to dismiss the second amended complaint. (**ECF No. 19**.) Finally, the parties are directed to the Court's initial order (ECF No. 5) and are ordered to comply with the instructions therein regarding

discovery and scheduling matters. With respect thereto, the Court orders the parties to file a joint discovery plan and conference report on or before **April 27, 2018**.

 **Done and ordered** in chambers at Miami, Florida on April 11, 2018.

               _____
               Robert N. Scola, Jr.
               United States District Judge